132 F.3d 39
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard LATHAN, Plaintiff-Appellant,
v.
Rosie B. GARCIA; Larry Small; J.D. Thomas, Lieutenant; W.
Harding; G. Bonnie Garibay; H. Bard; H.S. Ward;
A. Terhune, Defendants-Appellees.
 No. 97-55662.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1997.**
Decided Dec. 18, 1997.
 
 Appeal from the United States District Court for the Southern District of California Irma E. Gonzalez, District Judge, Presiding
 Before: SNEED, LEAVY, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Richard Lathan, a California state prisoner, appeals pro se the district court's summary judgment for defendants in Lathan's 42 U.S.C. § 1983 action alleging, inter alia, violation of his Fourteenth Amendment due process rights. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, see Barnett v. Centoni, 31 F.3d 813, 815 (9th Cir.1994) (per curiam), and we affirm.
 
 
 3
 Lathan's sole contention on appeal is that the district court erred by granting summary judgment on his claim that defendants violated his due process rights during his disciplinary hearings and review of his appeals of these hearings.[1] Lathan's contention lacks merit.
 
 
 4
 On October 7, 1994, Lathan had a disciplinary hearing concerning an alleged assault on another inmate. On October 8, 1994, Lathan had a disciplinary hearing concerning an alleged assault on a prison guard. Lathan argues that defendants engaged in racial discrimination in bringing disciplinary charges, falsifying reports, and in deciding against him at both hearings. Lathan also argues that the October 7 hearing violated his rights because prison officials ignored the testimony of an inmate witness. Lathan further argues that the October 8 hearing violated his rights because prison officials failed to call a requested witness and failed to provide requested documents. Finally, Lathan argues that defendants violated his rights by denying his appeals of these claims.
 
 
 5
 Lathan presented no evidence that defendants engaged in their conduct for racially discriminatory reasons. See Washington v. Davis, 426 U.S. 229, 239-40 (1976). With respect to the October 7 hearing, although inmate testimony supported Lathan's contention that he had not assaulted another inmate, the record indicates that prison officials had some evidence upon which to base their finding. See Superintendent v. Hill, 472 U.S. 445, 455 (1985). With respect to the October 8 hearing, Lathan presented no evidence that he requested documents from prison officials. Moreover, the record indicates that prison officials denied Lathan's requested witness as unnecessary in light of information already presented. See Wolff v. McDonnell, 418 U.S. 539, 566 (1974) (stating that prison officials may deny witnesses where their testimony would unduly extend the hearing or be unnecessary). Finally, because we conclude that prison officials did not violate Lathan's due process rights during his disciplinary hearings, we reject his contention that defendants violated his due process rights by denying his appeals.
 
 
 6
 Accordingly, the district court properly granted summary judgment on Lathan's due process claims. See Barnett, 31 F.3d at 815.
 
 AFFIRMED.[2]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Although Lathan also mentions a false imprisonment claim in his opening brief, we conclude that such a claim is wholly derivative of his due process claims
 
 
 [2]
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal